FILED
JUL 0 9 2007
JUL 09 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTEZ SMITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, CHICAGO POLICE )<br>OFFICERS, B. JOHNSON, Star 10048 )<br>L. ALEXANDER, Star 13518, )<br>O. WATTS, Star 15226, and UNKNOWN )<br>CHICAGO POLICE OFFICERS, )<br>)<br>Defendants. ) | 07CV 3824<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE VALDEZ<br><br><br>JURY DEMANDED |

## COMPLAINT

NOW COMES the plaintiff, MONTEZ SMITH through his attorneys, Christopher R. Smith and Jared S. Kosoglad, A LAW OFFICE OF CHRISTOPHER R. SMITH, and complaining of the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS B. Johnson, Star 10048, L. Alexander, Star 13518, O. Watts, Star 15226, and Unknown Chicago Police Officers, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of

1

the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Chicago, Illinois.

4. Defendants, Chicago Police Officers B. JOHNSON, L. ALEXANDER, O. WATTS, and other Unknown Chicago Police Officers, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the complained unlawful conduct while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6. On or about March 26, 2007 at approximately 10:00 p.m., in the area of 38 N. Lotus, Chicago, Cook County, Illinois, Montez Smith was walking down the sidewalk.

7. A marked Chicago Police vehicle parked nearby.

8. Smith was approached by several uniformed Chicago police officers, defendants in this case.

9. Without probable cause, or any other legal justification, and with malicious intent, these police officers grabbed Montez Smith began to search his person.

10. The unjustified search quickly became invasive, taking on the nature of a

2

humiliating and public strip search.

11. Montez had not consented to this search, was not arrested prior to the search, nor had the defendant officers acted pursuant to a warrant for Mr. Smith's arrest.

12. As a searching officer began to reach through the zipper of Mr. Smith's pants, toward his genitals, Montez said he would prefer the search to continue at the police station out of public view.

13. The officers told Mr. Smith to turn around.

14. Montez was then handcuffed, and told to turn around again.

15. When Mr. Smith complied, the officers unzipped his pants and continued their invasive and humiliating search, in full public view, treating Smith as a spectacle for the whole neighborhood to see.

16. Smith requested that the officers cease their embarrassing and illegal activity.

17. A police officer punched Mr. Smith in the jaw.

18. Another officer knocked Mr. Smith to the ground

19. The group of police officers continued to beat Mr. Smith.

20. Eventually Mr. Smith was placed in a squadrol and driven away.

21. On the day of trial, April 17, 2007, Montez' case was dismissed by the state's attorney, indicative of Smith's innocence.

22. Defendant police officers B. Johnson, L. Alexander, O. Watts, and Unknown Chicago Police Officers conspired and agreed amongst themselves to brutally beat Smith and to conceal evidence of the beating. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to

plaintiff's arrest and injuries.

23. As a direct and proximate result of the malicious actions of the coconspirators, Smith was injured, including but not limited to the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, lost wages attorney's fees, and extreme emotional distress.

24. As a proximate result of the beatings and physical and psychological abuse inflicted by defendant officers, plaintiff suffered physical injuries, acute pain, and severe emotional distress.

### Count I

### 42 U.S.C. Section 1983 — Excessive Force

1-24. Plaintiff realleges paragraphs 1 through 24 above, as if fully set forth here.

25. The actions of defendant officers, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

26. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including severe physical injuries: pain, mental suffering, anguish and humiliation, and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or

4

oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count II

### Against Officers for Section 1983 Fourth Amendment Violations —

### Illegal Search and Seizures

1-24. Plaintiff realleges paragraphs 1 through 24 above, as if fully set forth here.

25. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and U.S.C. § 1983.

26. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED

THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count III

### 42 U.S.C. Section 1983 – Failure to Intervene

1-24. Plaintiff realleges paragraphs 1 through 24 above, as if fully set forth here.

25. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants (and other as-yet-unknown Chicago Police Officers) stood by without intervening to prevent the misconduct.

26. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count IV

## 42 U.S.C. Section 1983 – False Imprisonment

1-24. Plaintiff realleges paragraphs 1 through 24 above, as if fully set forth here.

25. The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probably cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

26. As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, disfigurement, and severe physical injuries.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages against defendants officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count V

## 745 ILCS 10/9-102

1-24. Plaintiff realleges paragraphs 1 through 24 above, as if fully set forth here.

25. Defendant City of Chicago is the employer of Defendants Alexander, Johnson, and Watts.

26. Defendants Alexander, Johnson, and Watts committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Alexander, Johnson, and Watts be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

### Count VI

### Battery — State Claim Against City and Officers

1-24. Paragraphs 1 through 24 above are realleged here as if fully set forth.

25. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants intentionally made offensive bodily contact against MONTEZ SMITH.

26. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants preformed these acts with the intent of inflicting physical harm to MONTEZ SMITH.

27. As a direct and proximate result of the battery, MONTEZ SMITH was injured, including the blunt trauma to his face.

28. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty

and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VII

### False Arrest — State Claim Against City and Officers

1-24. Paragraphs 1 through 24 above are realleged here as if fully set forth.

25. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest MONTEZ SMITH on false charges for which they knew there was no probable cause.

26. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

27. As a direct and proximate result of the false arrest MONTEZ SMITH was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff MONTEZ SMITH demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VIII

**Malicious Prosecution — State Claim Against City and Officers**

1-24. Paragraphs 1 through 24 above are realleged here as if fully set forth.

25. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute MONTEZ SMITH on false charges for which they knew there was no probable cause.

26. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

27. As a direct and proximate result of the malicious prosecution, MONTEZ SMITH was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Smith demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count IX

### Intentional Infliction of Emotional Distress Against City and Officers

1-24. Paragraphs 1 through 24 above are realleged here as if fully set forth.

25. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

26. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

27. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

28. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiff MONTEZ SMITH seeks judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

           Respectfully submitted,

           Montez Smith

           By:    One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400